UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DALE H. WEBER,<br><br>    Defendant. | No.   4:14-CR-6049-SMJ<br><br>**CASE MANAGEMENT ORDER** |

The Court now enters the following Case Management Order, which sets forth the hearings and requirements the parties will observe in this matter. To the extent this Order conflicts with any previously-entered Orders in this matter, this Order shall govern. All counsel are expected to carefully read and abide by this Order. The Court will grant relief from the requirements in this Order only upon motion and good cause shown.

**IT IS HEREBY ORDERED:**

1.  **Emailing the Court.** Where this Order requires counsel to email documents to the Court, all documents shall be attached to the email in Microsoft Word (.doc/.docx) or rich-text (.rtf) format. The subject line of each email shall be formatted as follows:

CASE MANAGEMENT ORDER **-** 1

[Case No.]; [Case Name]; [Title of Document]

(e.g.: *CR-13-9999-SMJ; USA v. Doe; Trial Brief*)

**2.    Discovery**

    ***A.***    All discovery documents must be Bates-stamped with a unique identifier and must be produced digitally in a text-searchable format.  The Court will grant relief from this requirement only in exceptional circumstances, upon motion and good cause shown.

    ***B.***    Pursuant to the Order Regarding Discovery and Pretrial Motions previously entered by a U.S. Magistrate Judge in this matter, the Court presumes a defense request for discovery under Federal Rule of Criminal Procedure 16 for ***documents and objects***, Fed. R. Crim. P. 16(a)(1)(E), ***reports of examinations and tests***, Fed. R. Crim. P. 16(a)(1)(F), ***AND expert witnesses***, Fed. R. Crim. P. 16(a)(1)(G), and as such these items are ordered disclosed.  Therefore, the Court imposes a reciprocal duty on defense counsel to provide discovery under Rule 16(b)(1)(A-C) ***for each of the above categories***.  <u>Defendants who do not wish to invoke reciprocal discovery obligations must file a notice with the Court and</u>

<u>with opposing counsel prior to accepting discovery from the Government.</u>

    **C.** The Court further presumes a request for discovery and disclosure under Federal Rules of Evidence 404(b), 608(b), and 609, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), and their progeny, and as such these items are ordered disclosed.

    **D.** For those discovery matters ordered to be disclosed by this Order, a party shall not file a motion seeking such discovery, unless the disclosing party fails to timely produce such discovery.

    **E.** Any party seeking discovery or disclosure not otherwise provided for in this Order, or discovery that was ordered by this Order and not timely provided, shall file a motion stating the specific materials sought, the legal authority for the specific request, and certify that the movant has in good faith conferred or attempted to confer with the opposing party in an effort to obtain the discovery or disclosure without court action.

3. **Expert-Witness Summaries**

   *A.* When each party produces to opposing counsel summaries of its expert-witness testimony for which disclosure is required under Federal Rule of Criminal Procedure 16, counsel shall also email an electronic copy of the summary to the Court at MendozaOrders@waed.uscourts.gov.

   *B.* All summaries of expert witness testimony must conform to Federal Rule of Criminal Procedure 16 and applicable case law interpreting that Rule. The Court will not permit an expert witness to testify about opinions which are not explicitly expressed in that expert's summary. *See, e.g.*, *United States v. W.R. Grace*, 526 F.3d 499 (9th Cir. 2008).

4. **Motions Practice**

   *A.* ***Generally.*** All motions shall either be: a) noted for hearing without oral argument fourteen (14) days after filing, or b) noted for hearing with oral argument at the pretrial conference. Responses and replies to motions must be filed in accordance with Local Rule 7.1. For motions heard at the pretrial conference, parties may agree to an alternative briefing

schedule provided all responses are filed no later than five days before the pretrial conference.

    **B.** *Expedited Hearing.* Any party seeking an expedited hearing on a time-sensitive matter must comply with Local Rule 7.1.

**5. Witness Testimony.** At any hearing, including trial, in which witness testimony is given, the witness must testify in Court and, absent exceptional circumstances, may not appear by telephone or video conference.

**6. Trial Continuances**

    **A.** *Motion Deadline.* All motions to continue the trial must be heard before or at the pretrial conference. **Any motion to continue trial made after the pretrial conference has occurred will not be granted absent exceptional circumstances**.

    **B.** *Statement of Reasons.* If the Defendant seeks a continuance, a Speedy Trial Waiver and Statement of Reasons in support of the motion to continue must be filed contemporaneously with the motion.[1] The Statement of Reasons must 1) be signed by the Defendant, 2) be signed by a certified translator, if

---

[1] The Court's Speedy Trial Waiver and Statement of Reasons form can be found at the following link: http://www.waed.uscourts.gov/sites/default/files/forms/smj_stmt_reasons_mot_to_cont.pdf.

CASE MANAGEMENT ORDER - 5

applicable, and 3) indicate the latest date upon which Defendant is willing to proceed to trial.

    **C.**   ***Procedure.*** Before filing a motion to continue, counsel shall first contact the Courtroom Deputy at (509) 943-8173 to obtain new pretrial conference and trial dates consistent with the length of the requested trial continuance. Thereafter, counsel shall confer with opposing counsel regarding case management deadlines[2] consistent with the new pretrial conference and trial date. **All motions to continue must include proposed case management deadlines (either joint or individual) to ensure the to-be-imposed deadlines are best suited to this case.**

**7.**   **Pretrial Conference**

    ***A.***   The Pretrial Conference is **SET** for **January 8, 2015**, at **9:45 A.M.** in **RICHLAND**. At this hearing, the Court will hear **ALL** pretrial motions.

    ***B.***   All pretrial conferences are scheduled to last no more than **thirty (30) minutes**, with each side allotted **fifteen (15) minutes** to present their own motions and resist motions by opposing counsel. If any party anticipates requiring longer

---

[2] A form with the Court's standard case management deadlines can be found at the following link: http://www.waed.uscourts.gov/sites/default/files/forms/SMJ%20Case%20Management%20Deadlines.pdf.

CASE MANAGEMENT ORDER **-** 6

than fifteen minutes, that party must notify the Courtroom Deputy at least seven (7) days prior to the hearing.  **Any party who fails to provide this notice will be limited to fifteen (15) minutes.**

8. **Confidential Informants (CIs).**  At a date to be set after conferring with counsel at the pretrial conference, the USAO shall disclose to Defendant the identity of any CIs used in the case and shall advise Defendant at that time whether any CI so identified is willing to be interviewed by defense counsel.

9. **Grand Jury Transcripts.**  At a date to be set after conferring with counsel at the pretrial conference, the USAO shall produce copies of the grand jury transcripts for any witness it intends to call at trial.

10. **Exhibit Lists**

    *A.*  At a date to be set after conferring with counsel at the pretrial conference, each party shall file a list of exhibits the party intends to introduce at trial.  Each party shall also email copies of their exhibit list to the Court at MendozaOrders@waed.uscourts.gov.  The parties shall provide their exhibit list in the following format:

    | Ex. # | Admitted | Description |
    |---|---|---|
    | 1 | | Photograph of items seized |

CASE MANAGEMENT ORDER - 7

| 2 | | Aerial video surveillance from 1/1/2011. Start Time: 01:03:23 End Time:   01:09:54 |

Exhibit lists shall include a unique exhibit number and a brief description of the exhibit.  For all exhibits consisting of an audio or video file, the exhibit list must designate the precise beginning and ending time indexes of the portion of the file the party intends to use at trial.

    ***B.***    The USAO shall consecutively number their exhibits from **1 to 999.**  In single-defendant cases, Defendant shall consecutively number exhibits from **1000 to 1999**; in multi-defendant cases, Defendants shall consecutively number exhibits from x000 to x999, substituting "x" for each Defendant's assigned case identifier (e.g. Defendant 3 would number exhibits from 3000 to 3999, etc.).  Exhibits shall be pre-marked for identification before trial commences.

**11.**    **Witness Lists.**  At a date to be set after conferring with counsel at the pretrial conference**,** each party shall file and serve a list of witnesses that party intends to call to testify at trial.  **The witness list must identify the existence, but need not include the name, of any CI**

CASE MANAGEMENT ORDER **-** 8

**the USAO intends to call to testify.** Parties shall email copies of their witness list to the Court at MendozaOrders@waed.uscourts.gov.

12. **Trial Briefs, Proposed Jury Instructions and Verdict Form, and Requested Voir Dire.** At a date to be set after conferring with counsel at the pretrial conference, each party shall file a trial brief, proposed jury instructions and verdict form, and requested voir dire, in accordance with the requirements below. Each party shall email copies to the Court at MendozaOrders@waed.uscourts.gov.

    A. *Trial Briefs.* Trial briefs shall not exceed twenty (20) pages without prior Court approval, upon motion and good cause shown. LR 39.1.

    B. *Proposed Jury Instructions and Verdict Form.* Jury instructions shall 1) address issues that are unique to the case, and 2) include instructions regarding the elements of each charge or defense. If a Ninth Circuit Model Jury Instruction exists for a particular charge or defense, the parties shall provide the model instruction or shall submit argument as to why the instruction is inadequate or no longer supported by law. Proposed jury instructions shall be accompanied by a proposed verdict form. **The parties must confer to develop**

CASE MANAGEMENT ORDER **-** 9

**joint proposed jury instructions and the verdict form.** The Court will only accept an individual party's proposed jury instructions on those points/issues upon which the parties could not agree, and only if the party's memoranda accompanying the individually-proposed instruction(s) sets forth the legal authority and justification for why the instruction is necessary.

    C.    *Requested Voir Dire.* The parties may request that the Court include specific questions during the Court's standard voir dire. Requested voir dire shall not duplicate information elicited in the Clerk's Office Jury Questionnaire ("COJQ") and the Court's Criminal Jury Trial Procedures Letter.

**13.**    **Exhibit Binders.** At a date to be set after conferring with counsel at the pretrial conference, each party must provide to all other parties and to the Court a Bates-stamped copy of all trial exhibits — or, in the case of physical exhibits, a photograph or other reproduction of the exhibit — the party intends to introduce at trial. All trial exhibits shall be organized sequentially by exhibit number in a three-ring binder.

**14.**    **JERS.**

  *A.* The Court utilizes the Jury Evidence Recording System (JERS), a system that makes electronic evidence available in the jury room during deliberations.  **Counsel shall promptly consult the Court's "JERS Instructions for Attorneys"[3] to ensure they acquire, retain, and provide evidence to the Court in the necessary format**.

  *B.* At a date to be set after conferring with counsel at the pretrial conference, each party who intends to introduce evidence at trial must supply a CD, DVD, or USB drive to the Courtroom Deputy containing all of that party's exhibits in the required format.  Counsel may contact the Courtroom Deputy at (509) 943-8173 with any questions.

15. **Trial Notices.**  At a date to be set after conferring with counsel at the pretrial conference, each party shall file a notice that indicates the amount of time requested for opening statement and for voir dire.  In addition, defense counsel must indicate if his/her client waives presence at sidebar and jury questions.

16. **Technology Readiness Meeting.**  At the pretrial conference, any party seeking to offer video or audio evidence at trial must meet with

---

[3] This document can be found on the Court's public website at the following link: http://www.waed.uscourts.gov/content/jers-jury-evidence-recording-system-information-attorneys.

Court staff at the location of the trial to verify compatibility with the Court's presentation systems. The parties shall contact the Courtroom Deputy at (509) 943-8173 to arrange this meeting.

17. **Trial**. The jury trial is **SET** for **January 20, 2015**, at **9:00 A.M.** in **RICHLAND**. Counsel and Defendant shall be prepared to meet with the Court at least thirty (30) minutes prior to the commencement of the trial.

18. **Summary of Deadlines**

| | |
|---|---|
| **PRETRIAL CONFERENCE**<br>*Deadline for motions to continue trial* | **January 8, 2015**<br>**9:45 A.M. - RICHLAND** |
| **JURY TRIAL** | **January 20, 2015**<br>**9:00 A.M. - RICHLAND** |

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel, the U.S. Probation Office, and the U.S. Marshals Service.

**DATED** this 25th day of November 2014.

_____
SALVADOR MENDOZA, JR.
United States District Judge

CASE MANAGEMENT ORDER - 12