MICHAEL C. ORMSBY
United States Attorney
Eastern District of Washington
Alison L. Gregoire
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

APR 1 1 2016

SEAN F. McAVOY, CLERK
_____DEPUTY
RICHLAND, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                                    Plaintiff,

        vs.

DALE H. WEBER,

                                    Defendant.

14-CR-06049-SMJ

Plea Agreement

[Fed.R.Crim.P. 11(c)(1)(C)]

    Plaintiff, United States of America, by and through Michael C. Ormsby, United States Attorney, for the Eastern District of Washington, and Alison L. Gregoire, Assistant United States Attorney for the Eastern District of Washington, and Defendant DALE H. WEBER and the Defendant's counsel, Christopher Swaby, agree to the following Plea Agreement:

    1)    Guilty Plea and Maximum Statutory Penalties:

    The Defendant, DALE H. WEBER, agrees to waive indictment by a grand jury and agrees to plead guilty pursuant to Fed. R. Crim. P 11(c)(1)(C), to the Information, filed on April 6, 2016, in this case charging the Defendant with: travel in interstate commerce for the purpose of engaging in a sexual act with a minor, in violation of 18 U.S.C. § 2423(b). The Defendant understands that the charge of travel in interstate commerce for the purpose of engaging in a sexual act with a minor, in violation of 18 U.S.C. § 2423(b) carries a maximum penalty of 30 years imprisonment, a fine not to

Plea Agreement - 1

exceed $250,000; a term of supervised release of not less than 5 years up to life (per 18 U.S.C. § 3583(k)); and a $100 special penalty assessment.

The Defendant, DALE H. WEBER, understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2)    The Court is Not a Party to the Agreement:

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

The Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter. The Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

The United States and the Defendant agree that this Plea Agreement is entered pursuant to Fed. R. Crim. P. 11(c)(1)(C) and agree to recommend a term of imprisonment between 66 and 102 months for travel in interstate commerce for the purpose of engaging in a sexual act with a minor.

The Defendant understands that this is a Plea Agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C) and that the United States may withdraw from this Plea Agreement if the Court imposes a lesser sentence than 66 months. The Defendant further understands that the Defendant will have the option to withdraw from this Plea Agreement if the Court imposes a sentence greater than 102 months.

3)    <u>Waiver of Constitutional Rights</u>:

The Defendant, DALE H. WEBER, understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

      (a).    The right to a jury trial;

      (b).    The right to see, hear and question the witnesses;

      (c).    The right to remain silent at trial;

      (d).    The right to testify at trial; and

      (e).    The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney.  The Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

4)    <u>Elements of the Offense</u>:

The United States and the Defendant agree that in order to convict the Defendant of Travel in interstate commerce for the purpose of engaging in a sexual act with a minor, in violation of 18 U.S.C. § 2423(b), the United States would have to prove beyond a reasonable doubt the following elements:

<u>First</u>: the defendant traveled in interstate commerce;

<u>Second</u>: the defendant's purpose in traveling in interstate commerce was to engage in illicit sexual conduct with a minor.

5)    <u>Factual Basis and Statement of Facts</u>:

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant DALE H. WEBER's guilty plea.  This statement of facts does not preclude either party from

presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline calculation or sentencing, unless otherwise prohibited in this agreement.:

On September 24, 2014, Homeland Security Investigations (HSI) Task Force Officer (TFO) Jeffrey Bickford noticed a Craigslist Kennewick-Pasco-Richland advertisement for the with a title "seeking naughty young girl-m4w-43(Richland)." TFO Bickford began an undercover (UC) dialogue with the poster of the add posing as a thirteen (13)-year old using a name with the initials "K.D. [female]. TFO Bickford communicated with the subject utilizing both email and Google Voice, Voice Over Internet Protocol (VOIP).

The poster of the ad went by the name "Dell." The poster asked for "naughty pics" of K.D. The poster indicated a desire to have sexual intercourse with K.D. indicating that she will not get hurt during the sex because "if we need lube, then we use it," also indicating "if ur pussy gets wet we wont need lube." The conversations continue with "Dell" asking if K.D. has ever engaged in oral sex and referring to sexual intercourse saying things such as, "I want to cum inside ur warm tight pussy" and "Tell me, that u want me to fuck u! that u want to feel my hard cock filling ur tight pussy."

On October 1, 2014, "Dell" spoke to K.D. about meeting at a secluded park, "but only to talk, maybe kiss and touch." Dell then follows up by asking K.D. not to wear a bra because "...i want to touch ur tits" and not to wear panties "in case i want to touch ur pussy." The two agree on Howard Amon Park in Richland, Washington. On October 1, 2014, surveillance was set up at the park and a blue 2010 Toyota Venza (registered to Dale H. WEBER and one other person, XXXX Crab Apple Circle, West Richland, Washington) arrived. TFO Bickford observed the vehicle drive through the parking lot near the boat launch at a slow rate of speed. The driver appeared to be looking around the area as he was driving. The driver then exited the vehicle and was identified by TFO Bickford as Dale H. WEBER. K.D. later explained to Dell why she could not show up at the park.

Plea Agreement - 4

On October 7, 2014, Weber asks for K.D. to "make me a movie of ur naked bod." K.D. asks what Weber is looking for and he responds, "U could play with urself and call out my name." Weber explains he is looking for "Naked tits, face and pussy." Weber then asks her to e-mail it. K.D. explains the file is too big to e-mail and Weber asks, "will u make shorter video tomorrow baby?"

Conversations continued between the two and they agreed to meet on October 17, 2014, in Umatilla, Oregon. Weber again tells Kylee not to wear panties or a bra. He talks about having sex indicating, "It wont hurt. If it does and u dont like then we stop and just kiss and i eat it." He then explains by "eat it" he means, "licking sucking ur pussy with my mouth." Defendant then indicates, "if i leave ur pussy sore u will remember my cock.... But as i said...if it hurts u, and u dont want it, i pull it out...u got that?"

On October 17, 2014 at approximately 0643 hours, prior to the scheduled meeting between "K.D." and Weber, TFO Bickford observed a blue Toyota Venza in the driveway of XXXX Crab Apple Circle, West Richland, Washington. He observed a female walking to the Venza from the area of the open garage door. TFO Bickford also observed a Toyota Tundra parked inside the open garage. At approximately 0843 hours HSI SA D. Pitt observed the garage door open and a beige Toyota Tundra back out of the garage at XXXX Crab Apple Circle, West Richland, Washington. The vehicle was later seen crossing the Umatilla Bridge on southbound Interstate 82 south into Oregon. The vehicle was subsequently observed driving around multiple areas within and near the Umatilla Marina Park in Umatilla, Oregon. At approximately 1105 hours TFO Bickford observed and identified Dale H. Weber in the driver's seat of Washington vehicle license B78524H. The beige Toyota Tundra, is registered to Dale and Mariela Weber, XXXX Crab Apple Circle, West Richland, Washington. Weber could not find K.D. and sent angry texts about wasting time and gas.

K.D. continued to text with Weber and told him that she had been present at the Umatilla Marina Park and they must have just missed each other. The two agree again

Plea Agreement - 5

to meet locally. K.D. explains has trouble keeping in contact with Weber as her parents do not put many minutes on her phone. The two discuss Weber buying her a new phone. Weber leaves for the meet location and is arrested. A new prepaid phone is found in his car. The receipt in his pocket indicated it was a new purchase.

At the time of his communication with K.D., Weber was 51 years old.

6)    Waiver of Inadmissibility of Statements:

The Defendant agrees to waive the inadmissibility of statements made in the course of plea discussions with the United States, pursuant to Fed. R. Crim. P. 11(f). This waiver shall apply if the Defendant withdraws this guilty plea or breaches this Plea Agreement. The Defendant acknowledges that any statements made by the Defendant to law enforcement agents in the course of plea discussions in this case would be admissible against the Defendant in the United States's case-in-chief if the Defendant were to withdraw or breach this Plea Agreement.

7)    The United States Agrees Not to File Additional Charges:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in this Indictment, unless the Defendant breaches this Plea Agreement any time before or after sentencing.

8)    United States Sentencing Guideline Calculations:

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing.

a)    Base Offense Level:

The United States and the Defendant agree that the base offense level for travel in interstate commerce for the purpose of engaging in a sexual act with a minor is 24. See U.S.S.G. §2G1.3(a).

Plea Agreement - 6

b)    Acceptance of Responsibility:

The United States and Defendant make no agreement regarding obstruction. Defendant may receive a 2-level increase for obstruction based on the violation of the conditions of his pretrial release. U.S.S.G. §3C1.1, comment note 4(D). If Defendant receives the 2-level increase for obstruction, he will not get acceptance of responsibility. U.S.S.G. §3E1.1, comment note 4.

However, if he does not receive the increase for obstruction; pleads guilty and demonstrates a recognition and affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; and accepts this Plea Agreement; the United States will move for a three (3) level downward adjustment in the offense level for the Defendant's timely acceptance of responsibility, pursuant to U.S.S.G. §3E1.1(a) and (b).

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a three (3) level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

c)    Criminal History:

The United States and the Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigative Report is completed.

9)    Incarceration:
      a)    Length of Imprisonment:

The United States agrees to recommend a term of imprisonment of not more than 102 months. The Defendant agrees to recommend a term of imprisonment not less than 66 months.

10)    Criminal Fine:

The United States and the Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate. Neither party may withdraw from the Plea Agreement based on the fine imposed.

11)    Supervised Release:

The United States and the Defendant agree to recommend term of supervised release be imposed in the instant case of at least five years up to a lifetime of supervised release. Neither party may withdraw from the Plea Agreement based on the ultimate term of supervised release imposed.

12)    Mandatory Special Penalty Assessment:

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

13)    Payments While Incarcerated:

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

14)    Forfeiture:

The Defendant agrees to voluntarily forfeit and relinquish all right, title, and interest in assets identified in the Notice of Criminal Forfeiture contained in the Information, including but not limited to:

ELECTRONIC EQUIPMENT

1) AT&T Cellular phone – Blackberry style, Serial Number: 325822996323;

2) Iphone: IMEI: 013853002900147; and,

3) AT&T Cellular phone, "GoPhone" in new packaging

seized on or about October 27, 2014, by the Bureau of Immigration and Customs Enforcement/Homeland Security Investigations.

The Defendant stipulates that he is the sole owner of the assets identified in this Plea Agreement, and that no one else has an interest in the assets.

The Defendant acknowledges that the assets listed above that the Defendant is agreeing to forfeit are subject to forfeiture pursuant to 18 U.S.C. § 2428, as property used or intended to be used in any manner or part to commit or to facilitate the commission of travel in interstate commerce for the purpose of engaging in a sexual act with a minor to which the Defendant is pleading guilty. The Defendant agrees to take all steps as requested by the United States to pass clear title to the assets to the United States and to testify truthfully in any forfeiture proceedings.

The Defendant agrees to hold all law enforcement agents/officers, and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure and forfeiture of any asset covered by this agreement.

The Defendant waives further notice of any federal, state, or local proceedings involving the forfeiture of the seized assets the Defendant is agreeing to forfeit in the Plea Agreement.

The Defendant further agrees to waive all constitutional, equitable and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the asset(s). Defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture.

15)    Additional Violations of Law Can Void Plea Agreement:

Plea Agreement - 9

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

16)    Appeal Rights:

Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court. If the Court imposes a sentence of not more than 66 to 102 months imprisonment, Defendant hereby expressly waives his right to appeal his conviction and the sentence the Court imposes, including order of supervised release. Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence. Should the Defendant successfully move to withdraw from this Plea Agreement or should the Defendant's conviction or Information be dismissed, set aside, vacated, or reversed, this Plea Agreement shall become null and void; the United States may move to re-instate all counts of the Indictment No. 14-CR-06049-SMJ; and the United States may prosecute the Defendant on all available charges. Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack of the conviction or sentence, including, but not limited to, proceedings pursuant to 28 U.S.C. § 2255 (writ of habeas corpus).

17)    <u>Notice of Sex Offender Registration</u>:

The Defendant has been advised and understands, that as a convicted sex offender, under the Sex Offender Registration and Notification Act, a federal law, the Defendant must register and keep the registration current in each of the following jurisdictions: the location of the Defendant's residence, the location of the Defendant's employment; and, if the Defendant is a student, the location of the Defendant's school.  Registration will require that the Defendant provide information that includes name, residence address, and the names and addresses of any places at which the Defendant is or will be an employee or a student.  The Defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status.  The Defendant understands that failure to comply with these obligations subjects the Defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

18)    <u>Integration Clause</u>:

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case.  This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities.  The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

<u>Approvals and Signatures</u>

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

MICHAEL C. ORSMBY
United States Attorney

_____          4/11/16
Alison L. Gregoire                                    Date
Assistant U.S. Attorney


I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____          4/7/16
DALE H. WEBER                                      Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept the Defendant's plea of guilty.

_____ # 30693          09/07/2016
Christopher Swaby                                  Date
Attorney for the Defendant

Plea Agreement - 12